## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PENINSULA ADVISORS, LLC and<br>AIP RESORT DEVELOPMENT, LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C. A. No. 10-489-LPS |
| | : | |
| FAIRSTAR RESOURCES LTD., | : | |
| | : | |
| Defendant. | : | |

---

### MEMORANDUM ORDER

At Wilmington this 5th day of February, 2014, this matter coming before the Court upon the filing of three motions: (i) Motion for Summary Judgment ("Defendant's Motion") filed by defendant Fairstar Resources LTD ("Fairstar" or "Defendant") (D.I. 73); (ii) Motion for Summary Judgment ("Plaintiffs' Motion") filed by plaintiffs AIP Resort Development, LLC ("AIP RD") and Peninsula Advisors, LLC ("Peninsula") (collectively, "Plaintiffs") (D.I. 77);[1] and (iii) Plaintiffs' Motion for Leave to Supplement the Record on Summary Judgment ("Motion to Supplement") (D.I. 94); and having considered the parties' papers submitted and the arguments conducted in connection therewith,

**IT IS HEREBY ORDERED** that the parties' cross-motions for summary judgment (D.I. 73, 77) are **DENIED** as moot, and Plaintiffs' Motion to Supplement (D.I. 94) is **GRANTED**, for the reasons that follow.

---

[1]As the parties know, this action began with additional parties, who have been dismissed. In reciting the background of this case, the Court's references to "Plaintiffs" and "Defendant" may, in context, refer to some parties that have been dismissed.

## BACKGROUND

As this Court has previously provided an overview of relevant background, and the Court writes primarily for the parties, the Court will only reference additional background as necessary in light of the current case posture.[2]

Plaintiffs filed suit in the Delaware Court of Chancery on May 14, 2010, seeking a declaratory judgment that Defendant's foreclosures upon Plaintiffs' membership interests in eight Delaware limited liability companies ("LLCs") – which took place in Utah pursuant to a Utah court's charging orders – were invalid under Delaware law, as well as a declaration of the identity of the members and managers of the eight LLCs. (Am. Compl. ¶¶ 25-28, 34-37) Plaintiffs also sought an injunction to prevent Defendant from obtaining confidential and privileged documents through assertion of membership and managerial interests in the eight LLCs. (*Id.* ¶¶ 2, 30-32) The action was removed to this Court on June 4, 2010 (D.I. 2), and a Motion to Dismiss or Transfer Venue was filed on July 13, 2010 (the "Dismissal Motion") (D.I. 4).

After hearing argument (*see* Hr'g Tr., November 5, 2010 (D.I. 15)), the Court granted the Dismissal Motion to the extent it: (i) challenged personal jurisdiction over defendant Goldlaw Pty Ltd. ("Goldlaw") and (ii) asserted the claims of plaintiffs American Institutional Partners LLC ("AIP"), AIP Lending LLC ("Lending"), and Mark Robbins ("Robbins") that were barred by the doctrine of claim preclusion (*see* D.I. 19, 20). The Court denied the Dismissal Motion to the extent it challenged personal jurisdiction over Fairstar, asserted that the claims of Peninsula

---

[2]For further case background and history, see the Court's March 31, 2011 Memorandum Opinion and Order. (D.I. 19, 20)

and AIP RD were barred by either claim preclusion or the *Rooker-Feldman* doctrine, and

requested transfer of venue to the U.S. District Court for the District of Utah. (*See* D.I. 19, 20)

AIP, Lending, Robbins, and Goldlaw were dismissed as parties, thus leaving the action to

proceed as Peninsula and AIP RD against Fairstar. (*See* D.I. 19, 20)

Thereafter, both sides filed and briefed motions for summary judgment. (*See* D.I. 73-80,

82-85, 89-90) On November 5, 2012, the Court heard argument on the cross-motions for

summary judgment. (D.I. 96) Subsequently, the parties apprised the Court of recent

developments in certain Utah litigation. (D.I. 91, 93)

In their May 10, 2013 letter, Plaintiffs advised the Court that on May 6, 2013, the Third

Judicial District Court in and for Salt Lake County, Utah ("Utah State Court"), in a matter

captioned *Fairstar Resources Ltd. and Goldlaw Pty Ltd. v. American Institutional Partners,*

*LLC, AIP Lending, LLC, and Mark Robbins*, Civil No. 080916464 ("Fairstar Litigation"), issued

an Order Granting Defendants' Motion to Set Aside Constable Sales of Uncertificated Securities

As Void (the "Utah Order"). (*See* D.I. 91 at 1) Because, in Plaintiffs' view, the Utah Order

"appears . . . [to] impact[] the issues and cross-motions for summary judgment pending before

this Court," Plaintiffs requested an opportunity to "discuss whether the Utah State Court's action

in the Fairstar Litigation moots this action." (*Id.* at 2)

Defendant responded that the Utah Order "was obtained at a time when defendants were

not represented by counsel in the Utah proceedings and was entered, in effect, *ex parte.* It is

Fairstar's hope that it will accordingly be successful in securing the vacation of that order in the

near future." (D.I. 93)

On May 30, 2013, the Court held a telephone status conference to address the issues

3

raised in the parties' letters and discuss the impact of the Utah Order. *(See* Tr., May 30, 2013

(D.I. 97)) During the status conference, Plaintiffs represented:

> [W]e took a look at the order and the relief that we were requesting
> in this action. And as Your Honor recalls, the relief that we were
> requesting was really, they were, and what was happening in Utah,
> they were really opposite sides of the same coin. And it just so
> happened that the Utah court has changed direction on the original
> order that was issued that gave rise to all these problems. And
> because of that, that change, because of that recent order that has
> come down, we believe it completely mooted the action that is
> pending before Your Honor.

*(Id.* at 4) Plaintiffs suggested that the appropriate action for this Court to take would be

"dismissal without prejudice because of mootness." *(Id.* at 5) Plaintiffs' counsel elaborated: "the

reason why is that everything that [Plaintiffs] were asking for in this case basically got unwound,

untangled, if you would, by a new judge in Utah. . . . So I think that [Plaintiffs] would look at

this and say it's finished. At least as far as everything that [Plaintiffs] asked for, I think it has

been addressed by the Utah court undoing all these . . . transfers." *(Id.* at 5-6) Plaintiffs' counsel

added that "this [Court] is not the place" for Defendant's challenge to the adequacy of the Utah

proceedings to be heard. *(Id.* at 5; *see also id.* at 10)

Defendant's counsel rejected Plaintiffs' offer of dismissal without prejudice and further

opposed the Court merely staying this action (to provide Defendant time to try to obtain relief in

Utah from the Utah Order). *(See id.* at 8, 12) Instead, Defendant's counsel argued that a

dismissal *with* prejudice would be more appropriate. *(See id.* at 8-9, 12)

The Court ordered that Plaintiffs would have three weeks to file "any motion for

dismissal or stay . . . or other relief" in light of the Utah Order. *(See id.* at 13) On June 20, 2013,

Plaintiffs filed their Motion to Supplement, which adds to the summary judgment record the

4

Utah Order and related materials. (D.I. 94)[3]

In their Motion to Supplement, Plaintiffs provide background as to the genesis of the

Utah Order issued in the Fairstar Litigation, writing:

> After applying for and obtaining charging orders against certain
> membership interests in limited liability companies owned by one
> or more of the Judgment Debtors (the "LLC Interests"), Fairstar
> conducted four separate constable sales of the LLC Interests on
> May 18, 2009, June 12, 2009, January 19, 2010, and May 18, 2010
> (the "Purported Sales"). Robbins Dec. at ¶ 3. Such LLC Interests
> included the limited liability company interests of AIP RD, a
> company owned in part by AIP, and the limited liability company
> interests of Cavalion Group, LLC ("Cavalion"), a Delaware limited
> liability company owned entirely by [Robbins]. Cavalion was and
> is the 100 percent owner of the limited liability company interests
> of Peninsula Advisors. *Id.* at ¶ 3.

(D.I. 94 at 4) In the Fairstar Litigation, Robbins and AIP filed a motion requesting that the Utah

State Court set aside as void the Purported Sales (the "Motion to Set Aside"), and on May 6,

2013 the Utah State Court did so. (*Id.* at 4-5, 9) Specifically, the Utah Order sets aside all of the

Purported Sales relating to the LLC Interests and restores ownership of the LLC Interests in the

persons and/or entities holding such ownership immediately prior to the Purported Sales. (*Id.* at

9)

Plaintiffs emphasize that "the Motion to Set Aside was decided and the Utah Order was

issued on the substantive merits of the motion." (*Id.*) Plaintiffs further offer:

> Accordingly, the Utah State Court has ruled that Fairstar's
> purported acquisitions of LLC Interests in AIP RD and Cavalion

---

[3]Plaintiffs' unopposed Motion to Supplement is GRANTED. "A court has discretion to grant leave to supplement the record of a case." *United States ex rel. Feldstein v. Organon, Inc.*, 2009 WL 961267, at *2 (D.N.J. Apr. 7, 2009) (allowing party to supplement record on motion to dismiss) (citing *Edwards v. Pennsylvania Turnpike Cmm'n*, 80 Fed. App'x 261, 265 (3d Cir. 2003) (concerning motion to supplement summary judgment record)).

> (the owner of Peninsula) were invalid and have been set aside as
> null and void because:
>
> (a)  Fairstar failed to serve AIP RD and Cavalion properly as
>      required by Utah law prior to conducting constable sales of
>      the LLC Interests;
>
> (b)  In the case of AIP RD, Fairstar failed to apply for a
>      charging order against LLC Interests owned by any of the
>      actual owners of AIP RD's LLC Interests; and
>
> (c)  Fairstar had sold the Judgment to a third party prior to
>      conducting the constable sales and was therefore not
>      entitled to credit bid for the LLC Interests.

(*Id.* at 9; *see also* D.I. 95, Robbins Dec. at ¶ 22 & Ex. A (Utah Order))

## DISCUSSION

Federal courts have limited jurisdiction to hear only actual "cases and controversies."

*Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) (citing U.S. Const. Art. III § 2).

Accordingly, "[w]hen the issues presented in a case are no longer 'live' or the parties lack a

legally cognizable interest in the outcome, the case becomes moot and the court no longer has

subject matter jurisdiction." *Id.* (internal citation omitted).

Plaintiffs' suit seeks a declaratory judgment that Defendant's foreclosures upon

Plaintiffs' membership interests in certain Delaware limited liability companies, ***which took***

***place in Utah pursuant to a Utah court's charging orders***, were invalid under Delaware law,

and a declaration of the identity of the LLC members and managers. Plaintiffs further seek an

injunction to prevent Defendant from obtaining confidential and privileged documents through

assertion of membership and managerial interests in those LLCs. All of the relief sought by

Plaintiffs arises from the existence of charging orders issued by a Utah court. As is now evident

6

and undisputed, those charging orders do not exist, as a result of the subsequent entry of the Utah

Order.  There is, therefore, no "case or controversy" among the parties before this Court, and no

basis for any of the relief sought by Plaintiffs.  This Court lacks subject matter jurisdiction and

must deny the cross-motions for summary judgment as moot and close the case.[4]

## CONCLUSION

Accordingly, Defendant's Motion (D.I. 73) is DENIED as moot, Plaintiffs' Motion (D.I.

77) is DENIED as moot, and Plaintiffs' Motion to Supplement (D.I. 94) is GRANTED.  The

Clerk of Court is directed to CLOSE this case.

_____
UNITED STATES DISTRICT JUDGE

---

[4]No motion to dismiss is before the Court, so the Court does not confront the issue of whether a "dismissal" would be with or without prejudice.  While this issue was noted in the May 2013 letters and status teleconference, and while Defendant's counsel alluded during the teleconference to additional "issues that bear briefing" (D.I. 97 at 9), nothing other than the unopposed Motion to Supplement was thereafter filed (e.g., a request for dismissal with prejudice or an update as to any efforts to vacate or modify the Utah Order).  Having granted the Motion to Supplement, it is clear the Court lacks subject matter jurisdiction to do anything else.